UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JACK CARRIER, SR. AND
EVA CARRIER                                    CIVIL ACTION

VERSUS                                         NUMBER 12-66-BAJ-SCR

LAWRENCE W. HOLLAND, ET AL

### ORDER TO AMEND NOTICE OF REMOVAL

Defendant Scottsdale Indemnity Company removed this case from state court asserting subject matter jurisdiction under 28 U.S.C. § 1332, diversity of citizenship. To establish diversity of citizenship, in the Notice of Removal the defendant alleged that the plaintiffs are "residents of the Parish of Livingston, State of Louisiana," defendant Lawrence W. Holland is a "resident of the State of Indiana and domiciled in Tell City, Indiana," and "defendant, Automated Transportation, LLC, is a foreign company organized under the laws of the State of Indiana with a principal place of business in St. Meinard, Indiana."[1]

When jurisdiction depends on citizenship, the citizenship of each party must be distinctly and affirmatively alleged in

---

[1] Record document number 1, Notice of Removal, ¶¶ II, III. Defendant also alleged that it is an insurer organized under the laws of Arizona with its principal place of business in Arizona, and that defendant German American Insurance is an insurance agency organized under the laws of Indiana with its principal place of business in Indiana. *Id.* at ¶ III.

accordance with § 1332(a) and (c).[2]

Under § 1332(c)(1) a corporation is deemed to be a citizen of every state in which it is incorporated and of the state in which it has its principal place of business. For purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all its members.[3] Thus, to properly allege the citizenship of a limited liability company, the party asserting jurisdiction must identify each of the entity's members and the citizenship of each member in accordance with the requirements of § 1332(a) and (c).[4]

Defendants' jurisdictional allegations are not sufficient to establish diversity jurisdiction.

Plaintiffs are alleged to be "residents" of Louisiana and defendant Holland is alleged to be a "resident of ... and domiciled

---

[2] *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991), *citing*, *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)(quoting 2A Moore's Federal Practice ¶ 8.10, at 1662).

[3] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *see Carden v. Arkoma Associates*, 494 U.S. 185, 110 S.Ct. 1015, 1021 (1990). The determination of the citizenship of the parties in this case is not affected by the Federal Courts Jurisdiction and Venue Clarification Act of 2011.

[4] The same requirement applies to any member of a limited liability company which is also a limited liability company or a partnership. *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154 (M.D.La. Sept. 24, 2007)(when partners or members are themselves entities or associations, citizenship must be traced through however many layers of members or partners there are).

in ... Indiana." The state of where a person is a resident is not always equivalent to the state of which it is a citizen. A person may be residing in one state and be a citizen of another. And while the state where a person is domiciled is often the same as the state of which the person is a citizen, the better practice is to allege the state of which the person is a "citizen," the term used in § 1332(a).

Defendant Automated Transportation, LLC uses the abbreviation "LLC" in its name. This abbreviation is commonly understood to mean the entity is organized as a limited liability company rather than a corporation. Because defendant Automated Transportation is presumably organized as a limited liability company, its citizenship cannot be determined from the defendant's allegations. The state where a limited liability company is organized and where it has its principal place of business does not determine its citizenship.

Therefore;

IT IS ORDERED that removing defendant Scottsdale Indemnity Company shall have 14 days to file an Amended Notice of Removal which (1) clarifies the citizenship of the plaintiffs and defendant Lawrence W. Holland, and (2) clarifies the form of organization of defendant Automated Transportation, LLC, and properly alleges the citizenship of defendant based on its form of organization.

**Failure to comply with this order may result in the case being**

**remanded for lack of subject matter jurisdiction without further notice.**

Baton Rouge, Louisiana, February 6, 2012.

*[signature: Stephen C. Riedlinger]*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE